UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
OCT 17 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Leavon Z. Reeves, )
)
      Plaintiff, )
)
v. )   Civil Action No. 11 1825
)
Verizon Corporate Office/Headquarters, )
)
      Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a).

Plaintiff, a District of Columbia resident, alleges that in May 2011, Verizon, based in New York, New York, claimed that it would credit his account $259.09 for products or services he never consented to receiving. Plaintiff further alleges that in August 2011, a Verizon supervisor told plaintiff that he would investigate why the credit had not appeared on his bill, but as of September 23, 2011, plaintiff "is being forced to pay Verizon [$130.37] in order to keep [his] credit from being severely damaged[] because Verizon is now claiming not to know anything about [his] credit . . . ." Compl. ¶ 6. Plaintiff seeks the promised amount and $100,000

presumably in punitive damages for alleged "fraud, misrepresentation, and causing mental anguish against my person." *Id.* at 3.

The complaint neither presents a federal question nor provides a basis for diversity jurisdiction because the amount allegedly owed is well below the minimal jurisdictional amount and under District of Columbia law, "fraud alone is insufficient to render an award for punitive damages justifiable; there must be something more." *Essroc Cement Corp. v. CTI/D.C., Inc.*, 740 F. Supp. 2d 131, 147 (D.D.C. 2010); *see id.* (stating that under local law generally, " '[p]unitive damages may be awarded only if it is shown by clear and convincing evidence that the tort committed by the defendant was aggravated by egregious conduct and a state of mind that justifies punitive damages.' ") (quoting *Chatman v. Lawlor*, 831 A.2d 395, 400 (D.C. 2003)) (other citations omitted); *Jumara v. State Farm Ins. Co.*, 555F.3d 873, 877 (3d Cir. 1995) ("The allegations on the face of the complaint control the amount in controversy unless it appears " 'to a legal certainty the claim is really for less than the jurisdictional amount . . . .' ") (quoting *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961)) (other citation omitted). A separate Order of dismissal accompanies this Memorandum Opinion.

DATE: October 13, 2011

United States District Judge